IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BISHOY ELKHALINY § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:20-cv-100 |
| BEXAR COUNTY, TEXAS; § | JURY |
| JENSY MIGUEL CONTRERAS, § | |
| *Individually*; and JOSEPH HUMBERTO § | |
| MARTINEZ, III, *Individually* § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES** Plaintiff, Bishoy Elkhaliny, bringing this his *Plaintiff's Original Complaint*, praying for damages against Bexar County, Texas, Jensy Miguel Contreras, *Individually*, and Joseph Humberto Martinez, III, *Individually*, as said Defendants, jointly and severally, have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/or the State of Texas.

### I.
### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Western District of Texas, San Antonio Division as this is the district where the claim arose in accordance with 29 U.S.C.§1391(b).

### II.
### PARTIES

2. Plaintiff Bishoy Elkhaliny (hereinafter occasionally referred to as "Elkhaliny") is a resident

of Nueces County, Texas.

3.      Defendant Bexar County, Texas (hereinafter "Bexar County" or "County") is a political subdivision of the State of Texas, and may be served with summons upon its County Judge, Nelson W. Wolff, 100 Dolorosa, San Antonio, Texas 78205.

4.      Defendant Jensy Miguel Contreras (hereinafter "Contreras") was, at all times material to this suit, a deputy employed by the BEXAR COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Bexar COUNTY SHERIFF'S DEPARTMENT.  Defendant can be served with summons at the BEXAR COUNTY SHERIFF'S DEPARTMENT, 200 North Comal Street, San Antonio, Texas 78207.

5.      Defendant Joseph Humberto Martinez, III (hereinafter "Martinez") was, at all times material to this suit, a deputy employed by the BEXAR COUNTY SHERIFF'S DEPARTMENT.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Bexar COUNTY SHERIFF'S DEPARTMENT.  Defendant can be served with summons at the BEXAR COUNTY SHERIFF'S DEPARTMENT, 200 North Comal Street, San Antonio, Texas 78207.

### III.
### FACTS

6.      Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done during the employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

7. On or about January 28, 2018, Elkhaliny was in the custody of the Bexar County Jail (hereinafter "Jail") after being arrested for Aggravated Assault, Sexual Assault & Burglary with Intent to Commit Assault – charges which were all later dismissed.

8. While being housed in the medical "infirmary" of same, Defendant Contreras, along with Defendant Martinez, came to Elkhaliny's cell. Upon entering, Defendant Contreras immediately began to attack Elkhaliny, twisting Elkhaliny's already-injured hand and punching Elkhaliny about his body (ribs, face, eyes . . .), while berating Elkhaliny and asking if he liked to "beat up on women."

9. During this entire unlawful and unprovoked attack, Defendant Martinez stood in the doorframe of the cell acting as a "lookout," using his body in an attempt to block the view of the attack from others. More importantly, Defendant Martinez never once attempted to intervene (verbally or otherwise) to prevent or stop Elkhaliny's assault and the only reason that is stopped was because of complaints from other inmates in the same area expressing their concerns.

10. As a result of the attack, Elkhaliny was caused to suffer a great amount of pain and damages, including but not limited to, of a sprained wrist, "rebroken" finger (requiring a pre-existing pin – that was intended to be permanent - to be removed), strained/bruised ribs, bruising

## IV.
## FIRST CLAIM FOR RELIEF - - §1983

11. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

12. **Section 1983.** The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes

to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

13.   42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that Defendants, jointly and/or severally deprived him of his First and Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.  Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

   a)   by using excessive force and/or deadly force upon Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

   b)   by failing to intervene, where such intervention would have prevented the injuries of Plaintiff.

14.   **§ 1983 – *Monell* liability.**   It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in-compliance with the County's customs, practices, policies or procedures. A County is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels.  In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedure of illegal seizures, excessive force. The Individual Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by Defendant County out of which deprived Plaintiff of his civil rights by statute and

by both the Texas and United States Constitutions. Liability for Defendant County is established under §1983 because the assault, beating, and severe injury to citizens/inmates, with little or no justification, in retaliation for exercising the right to First Amendment speech and/or as punishment, is a persistent, widespread practice of County employees -- namely officers/deputies -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official County policy. Defendant County's actual or constructive knowledge of this practice, custom, and/or policy or procedure and of numerous prior incidents of police officers using excessive force upon citizens establishes custom and accession to that custom by their policy makers. Defendant County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, Defendant County is liable under §1983 for failure to adopt a policy precluding officers from beating/assaulting in-custody citizens because such failure to adopt such a policy is one of intentional choice.

## V.
## SECOND CLAIM FOR RELIEF – Texas – Assault & Battery

15. The allegations set forth in this complaint are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading. Any reference to "Defendants" in this section only applies to the Individual Defendants and does not include Defendant County.

16. As a pendent state cause of action, at all times material and relevant herein, the Individual Defendants, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Plaintiff through unconsented physical contact with him.

17. Under Texas law, the cause of action for excessive force is simply one for assault and

battery. Consequently, Plaintiff alleges that the Individual Defendants committed an assault upon Plaintiff when they intentionally, knowingly, and/or recklessly caused Plaintiff's injuries. Said assaultive conduct of the Individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of physical and emotional injuries to Plaintiff. Said injuries were the direct and immediate consequence of the Individual Defendants' wrongful acts and a natural and direct result of the assault.

18. At no time were the Individual Defendants privileged to take the action, as force was not necessary. Moreover, the Individual Defendants' assault and battery of Plaintiff was not objectively reasonable when balancing the amount of force used against the need for the force.

## VI.
## DAMAGES

19. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer general damages which include, but are not limited to, the following: loss of a son, both physical and emotional injury, including but not limited to, pain and suffering, and severe emotional and mental distress, and shock, along with severe emotional distress, and loss of support, both emotional and financial.

20. Said injuries have caused Plaintiff to incur special damages which include but are not limited to the cost of medical treatment.

21. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees. Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover damages against Defendants, jointly and severally; that this Court issue injunctive

relief and/or provide judicial oversight to ensure compliance with Federal law; and that Plaintiff recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiff prays for all pre-judgment and post-judgment interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which they prove herself justly entitled.

                                                Respectfully submitted,

                                                GALE LAW GROUP, PLLC
                                                P.O. Box 2591
                                                Corpus Christi, Texas 78403
                                                Telephone: (361)808-4444
                                                Telecopier: (361)242-4139
                                                E-mail: Chris@GaleLawGroup.com

                                              By: /s/ Christopher J. Gale
                                                    Christopher J. Gale
                                                    Texas Bar No. 00793766
                                               *Attorney-in-Charge for Plaintiff*

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b)